UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OTIS MICHAEL BRIDGEFORTH,

                      Plaintiff,

v.                                                           8:09-CV-545
                                                               (GTS/RFT)
DR. POPOVICS; and SANDRA MCCARTHY,

                      Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

OTIS MICHAEL BRIDGEFORTH
  Plaintiff, *Pro Se*
103289430956
Rensselaer County Jail
4000 Main Street
Troy, NY 12180

FEATHERSTONHAUGH, WILEY & CLYNE, LLP     SCOTT J. ELY, ESQ.
  Counsel for Defendants
99 Pine Street
Albany, NY 12207

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this *pro se* civil rights action, filed pursuant to 42 U.S.C. § 1983 by Otis Michael Bridgeforth ("Plaintiff") against Dr. Popovics and Sandra McCarthy ("Defendants") following Plaintiff's dismissal from a community college as a student for disciplinary reasons, are the following: (1) Plaintiff's Amended Complaint, submitted in an attempt to comply with the Court's Decision and Order of May 25, 2011, conditionally dismissing his action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) unless he corrects the pleading defects in his claims within thirty days

(Dkt. No. 23); and (2) Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and/or for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 24). For the three alternative reasons set forth below, Plaintiff's action is dismissed with prejudice.

First, even when construed with the utmost of special liberality, Plaintiff's Amended Complaint does not correct the pleading defects identified in the Court's Decision and Order of May 25, 2011. (*Compare* Dkt. No. 23 *with* Dkt. No. 21.) Because this Decision and Order is intended primarily for the review of the parties, the Court will not describe in detail the grounds on which it conditionally dismissed Plaintiff's original Complaint, other than to state that there were numerous such grounds for the dismissal of both Plaintiff's procedural due process claim and substantive due process claim. (Dkt. No. 21, at 12-27.) The Court will only point out that, rather than correct the pleading defects in the two due process claims asserted in his original Complaint, Plaintiff largely attempts to assert new a claim (of antitrust violations) in his Amended Complaint. (*Compare* Dkt. No. 23 *with* Dkt. No. 1.) Not only is the new antitrust claim plainly not actionable, the two amended due process claims do not correct all of the pleading defects identified in the original due process claims. (*Id.*) As a result, strictly speaking, no renewed motion is needed by Defendants in order for the Court to dismiss Plaintiff's action: his action can be, and is, dismissed due to his failure to comply with the Court's Decision and Order of May 25, 2011.

Second, even if the Court were to base its decision on Defendants' renewed motion, the Court would be persuaded by that motion. In their thorough memorandum of law in support of their motion, Defendants' asserts four arguments in favor of dismissal. (Dkt. No. 24, Attach. 12,

at 10-21 [attaching pages "8" through "18" of Defs.' Memo. of Law].)[1]  In his one-page response, Plaintiff fails to address *any* of these four arguments.  (Dkt. No. 25.)[2]  Because Plaintiffs failed to oppose Defendants' arguments, Defendants' burden with regard to those argument is lightened such that, in order to succeed on them, Defendants need only show their entitlement to the relief requested with regard to them, which has appropriately been characterized as a "modest" burden.  *Dottolo v. Byrne Dairy, Inc.*, 08-CV-0390, 2010 WL 2560551, at *7, n.13 (N.D.N.Y. June 22, 2010) (collecting authorities).  The Court finds that Defendants have met that modest burden for all of the numerous reasons stated in both of their memoranda of law.  (Dkt. No. 24, Attach. 12, at 10-21 [attaching pages "8" through "18" of Defs.' Memo. of Law]; Dkt. No. 26, at ¶¶ 3-12 [Defs.' Reply].)  The Court would add only that it would accept Defendants' arguments even if it subjected them to the more rigorous scrutiny appropriate for a contested motion.

---

[1]  Specifically, Defendants assert the following four arguments: (1) Plaintiff has failed to state a legally cognizable claim based on alleged violations of the antitrust laws; (2) Plaintiff has failed to state a claim upon which relief may be granted that he was deprived of his procedural due process rights; (3) Plaintiff has failed to state a claim upon which relief may be granted that he was deprived of his procedural due process rights; (4) in any event, Plaintiff's due process claims should be dismissed because, based on the current record, Plaintiff has failed to adduce admissible record evidence from which a rational fact finder could conclude that he was denied the requisite due process in connection with his dismissal from college.  (Dkt. No. 24, Attach. 12, at 10-21 [attaching pages "8" through "18" of Defs.' Memo. of Law].)

[2]  Rather, in his response, Plaintiff argues conclusorily that (1) his Amended Complaint is "sufficient[]," (2) certain photographs adduced by Defendants were "fraudulent," (3) a notice was unsigned, (4) certain statements adduced by Defendants were "contradictive," and (4) partial summary judgment is warranted *in his favor*.  (Dkt. No. 25.)  The Court notes that Plaintiff's response does not contain a Response to Defendants' Statement of Material Facts, in violation of Local Rule 7.1(a)(3), despite the fact that Plaintiff, who is experienced at opposing summary judgment motions in *pro se* civil rights actions, was specifically advised of his duty to submit such a Response, and the consequences of failing to do so.  (*See, e.g.,* Dkt. No. 24, Attach. 15 [Pro Se Notification]; Dkt. Entry dated May 8, 2009 [reflecting that Plaintiff was *sua sponte* mailed a courtesy copy of, *inter alia*, Local Rule 7.1(a)(3)].)

Third, recently in another *pro se* civil rights case filed by Plaintiff and pending before the undersigned, one of the Court's Orders, dated May 3, 2012, was returned due to Plaintiff's failure to notify the Court of his current address. (*See Bridgeforth v. Thayer*, 12-CV-0519, Notice of Undeliverable Mail [N.D.N.Y. filed May 11, 2012].) The docket sheet in this action contains no updated address. (*See generally* Dkt. Sheet.) Plaintiff's failure to notify the Court of his current address is in violation of both the Order of United States Magistrate Judge Randolph F. Treece's of May 29, 2009, in this action, and Local Rules 10.1(c)(2) and 41.2(b) of the Local Rules of Practice for this Court. The Court has carefully weighed the factors governing a court's dismissal of a plaintiff's action under Fed. R. Civ. P. 41(b) for failure to comply with a court order (specifically, by failing to comply with Magistrate Judge Treece's Order) and/or failure to prosecute (specifically, by failing to notify the Clerk of the Court of his current address), and finds that, under the circumstances, those factors weigh decidedly in favor of dismissal.

The Court would add only a few points. Plaintiff has received adequate notice that his failures would result in dismissal. Not only did Plaintiff receive a copy of Magistrate Judge Treece's Order, but Plaintiff's duty to keep the Clerk's Office apprised of his current address is clearly stated in Local Rules 10.1(c)(2) and 41.2(b) of the Local Rules of Practice for this Court. It is also stated on page 43 of the District's *Pro Se* Handbook. Plaintiff received copies of these documents in the numerous of the other cases he had filed before filing this case on May 8, 2009, as well as in other cases.[3] Moreover, Defendants are likely to be prejudiced by further delay in this action, which may well affect the ability to locate witnesses (who might retire from the

---

[3] *See, e.g., Bridgeforth v. Cnty. of Rensselaer*, 08-CV-0779, Notice of Receipt by Otis Bridgeforth (N.D.N.Y. filed July 28, 2008); *Bridgeforth v. Burke*, 09-CV-1435, Acknowledgment of Receipt of Pro Se Handbook and Local Rules of Practice (N.D.N.Y. filed Jan. 28, 2010).

college), and the preservation of evidence.[4]  Furthermore, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case.  It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for *pro se* civil rights cases.  Finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances, especially given the fact that any Order issued by the Court admonishing Plaintiff for his dilatory conduct would likely never reach him.  The Court would add only that (1) it has reviewed the docket sheets of Plaintiff's various other actions in this District, and cannot discern Plaintiff's current address, and (2) Plaintiff's abusive litigation history in this District, the Court is not confident that Plaintiff will reappear in the near future and diligently prosecute this action.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

Date: July 16, 2012
      Syracuse, New York

/s/ Glenn T. Suddaby
Hon. Glenn T. Suddaby
U.S. District Judge

---

[4]  *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (finding that passage of time would cause memories to fade).